**Rodrigo Ilaw ARMEDILLA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–71208.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Satwant Singh Pandher, Esq., Everett, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, U.S. Department of Justice, Office of the District Counsel, Seattle, WA, Douglas E. Ginsburg, Esq., Robbin K. Blaya, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Rodrigo Ilaw Armedilla, native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order sustaining the government's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appeal from an immigration judge's decision granting his application under 8 U.S.C. § 1186a(c)(4)(B) for a waiver of the requirement to file a joint petition with his former wife to remove the conditional basis of his lawful permanent resident status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's order denying the waiver. *Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's finding that Armedilla failed to satisfy his burden of establishing that his marriage was entered into in good faith where he did not submit sufficient documentation indicating that he and his former wife intended to establish a life together at the time of their marriage. *Cf. Damon,* 360 F.3d at 1089 (evidence of courtship, wedding ceremony, shared finances, and shared residence was substantial evidence of intent to establish life together); *see also Bark v. INS,* 511 F.2d 1200, 1202 (9th Cir.1975) ("time and extent of separation, combined with other facts and circumstances, can and have adequately supported the conclusion that a marriage was not bona fide").

Armedilla's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.